O’NIELL, Chief Justice.
 

 The appellant was convicted of the crime of perjury and was sentenced to imprisonment in the Penitentiary for three years. The crime is defined in Article 123 of the Criminal Code, as amended by Act 224 of 1944. The indictment charged that the defendant, being an attorney at law, committed the crime by aiding, abetting, counseling and procuring his client to testify falsely in a suit for a divorce. The prosecution of the defendant as a principal was authorized by Article 24 of the Crimi
 
 *247
 
 nal Code, which provides that all persons concerned in the commission of a crime, whether they directly commit the act constituting the crime or aid and abet in its commission, or counsel or procure another to commit the crime, are principals.
 

 During the trial and immediately after the judge had concluded his charge to the jury the defendant requested the judge to give five special charges. The judge refused to give the special charges, and the defendant in open court reserved a bill of exceptions to the judge’s ruling. But the defendant did not at any time request the judge to sign a formal bill of exceptions; hence none was signed. We have no authority therefore to review the ruling of the judge in refusing to give the special charges to the jury. That is a matter of no importance here because the law stated hypothetically in the five special charges is not applicable to the facts charged in the bill of indictment.
 

 The defendant contends that the indictment accused him of procuring and inducing his client to swear that the client and the client’.s wife had lived separate and apart for a period exceeding two years; and it is said to be stated in the indictment that the client and his wife in fact had lived separate and apart for a period of two years. The defendant is mistaken in construing the words of the indictment as conceding that in truth the client and his wife had lived separate and apart for a period exceeding two years. The statement in the indictment is merely that the suit for a divorce was based upon the .ground that the husband and wife had lived separate and apart for a period exceeding two years. The mistake made by the attorney was induced by his reading an unofficial 'copy of the indictment, in which copy the words “on the sole ground that” were omitted accidentally. The indictment itself charges plainly and unmistalrably that the defendant committed perjury, by aiding, abetting, counseling and procuring his client to testify falsely that the client and his wife had lived separate and apart for a period exceeding twoyekrs. And it is charged plainly and unmistakably in the indictment that the lawsuit in which the false testimony was given was a suit for a divorce on the ground' that the plaintiff and defendant had lived' separate and apart for a ppriod exceeding two years. The indictment is not defective in that respect.
 

 The appellant contends further that the-indictment is invalid because the accusation that he committed perjury by aiding, abetting,' counseling and procuring his client to* testify falsely in the divorce suit is founded upon a confidential communication between the lawyer and his client, and that such a consultation and advising between a lawyer and client is a privileged communication. The law on this subject is-stated in article 475 of the Code of Criminal Procedure, thus:
 

 “No legal adviser is permitted, whether during or after the termination of his employment as such, unless with his client’s express consent, to disclose any communi-. cation made to him as such legal adviser
 
 *249
 
 by or on behalf of his client, or any advice given by him to his client, or any information that he may have gotten by reason of his being such legal adviser.”
 

 This article, according to its terms, was written for the protection of the client — to shield him against a disclosure of any confession or admission that he might see fit to make to his attorney in any consultation had between them. The article was taken, substantially, from article 2283 of the Civil Code, which provides that no attorney or counsellor at law shall give evidence of anything that has been confided to him by his client, without the consent of the client. The client of course has the right to waive the privilege and permit the facts to be divulged. Art. 478, Code of Criminal Procedure. But the so-called privilege with regard to communications between lawyer and client does not protect a lawyer against prosecution for aiding, abetting, counseling and procuring his client to commit a crime. Morris v. Cain, 39 La.Ann. 712, 1 So. 797, 2 So. 418; In re Fisher, D.C., 51 F.2d 424; Underhill’s Criminal Evidence, 4th Ed., § 338, p. 649; 70 C.J., Verbo Witnesses, § 532, pp. 397-399. Even as to the client, it has been held that communications had by him with his attorney before the commission of a proposed crime and for the purpose of guiding or helping him in the commission of the crime are not privileged communications. Succession of Bonner, 192 La. 299, 187 So. 801; State v. Childers, 196 La. 554, 199 So. 640. See note to United States v. Bob, 2 Cir. 106 F.2d 37, 125 A.L.R. pages 502, 508, 509, 516, 519. See also Underhill’s Criminal Evidence, 4th Ed., § 337, p. 646.
 

 The verdict and sentence are affirmed.