HAWTHORNE, Justice.
 

 Siney W. Forsythe and George Harold Forsythe, charged with the crime of letting premises for prostitution denounced by Article 85 of the Criminal Code,
 
 [1]
 
 were tried, convicted, and sentenced to fine and imprisonment.
 
 [2]
 
 They have appealed.
 

 Appellants rely- for reversal on four bills of exception, Nos. 1, 4,
 
 6,
 
 and 7. For a proper consideration of these bills we must, reiterate some of the pertinent facts disclosed by the per curiam of the trial judge.
 

 Siney Wesley “Wes” Forsythe was lessee of a three-story building on St. Charles Street. He operated a saloon on the first floor known as the “629 Bar”, and had subleased the second and third floors to his brother, George H. Forsythe, who operated them as a hotel for transients. On the date charged in the bill of information, between 8:00 and 10:00 p. m., the vice squad1
 
 *463
 
 of the police department undertook to investigate this bar. In the course of this investigation two police officers dressed in plain clothes entered the bar and were served drinks by the bartender, Wes Forsythe. While in the bar they were accosted by females who offered to have sexual relations with them for money. The women suggested to the officers that they would obtain rooms from the bartender or close by. Each of the women approached Wes Forsythe and had a conversation with him, and each then informed the officer whom she had accosted that the room would cost $3.00 extra. George Forsythe came into the bar, escorted each couple upstairs, collected the $3.00 room rent from each, and had the couple register on a white tablet. One of the officers signed the register as man and wife. The other, who had registered in his name only, was requested by George Forsythe to write “Mr. and Mrs.” before his name, and he did so. One of the women was told to return the key to the bartender when they were “through”. Upon going into the assigned rooms each officer gave the woman with him the agreed sum in payment for the proposed act of intercourse, and the woman undressed. The women were then arrested, and the money given to each was confiscated and identified by serial number noted in advance by the officers. The two Forsythes were also arrested and were charged with letting the premises for prostitution.
 

 Bill of Exception No. 1 was reserved when the trial judge over defendants’ objection permitted one of the officers to testify as to bis conversation with the woman in the 629 Bar involving arrangements and price for sexual intercourse and to testify that she talked to the bartender and returned saying they could get a room. Bill No. 4 was taken when the other officer was permitted to give similar testimony in regard to his conversation and dealings with the other woman. The basis of counsel’s objection to this testimony of the officers is that it was inadmissible as hearsay. Able counsel for the State concedes that this testimony was hearsay, but argues that it was properly admitted by the trial judge as part of the res gestae.
 

 Although generally hearsay evidence is inadmissible, there are exceptions to this rule. La.Code Crim.Proc. Art. 434. Hearsay evidence is admissible under one of the exceptions when it is part of the res gestae, for under Article 447 of the Code of Criminal Procedure what forms any part of the res gestae is always admissible in evidence. Article 448 provides that “To constitute res gestae the circumstances and declarations must be necessary incidents of the criminal act, or immediate concomitants of it, or form in conjunction with it one continuous transaction”. In the case of State v. Di Vincenti, 232 La. 13, 93 So. 2d 676, this court discussed the test pre
 
 *465
 
 scribed for the admissibility of hearsay evidence as part of the res gestae, and said;
 

 “ * * * As stated in Wharton on Criminal Evidence, ‘In some states (Louisiana is one of these states), res gestae is given an even broader definition to include not only spontaneous utterances, and declarations made before and after the commission of the crime, but also to include real or demonstrative evidence relevant to the crime; and to include testimony, offered at the trial, of witnesses and police officers as to what they had heard or observed before, during, or after the commission of the crime; all that occurred at the time and place of the crime, or immediately before or after the crime is causally related thereto * * ”
 

 What the woman said to the police officers in the instant case was a necessary incident of the criminal act of letting the premises to be used for the practice of prostitution, and constituted part of one continuous transaction. It was clearly admissible as res gestae under the Code and the jurisprudence. State v. Di Vincenti, supra, and authorities there cited; State v. Domino, 234 La. 950, 102 So.2d 227.
 

 Bill of Exception No. 6 was taken to the overruling of the objection of counsel for the accused to the offering in evidence of the money given to the women by the police officers. The ground of objection is that this money was handed to the women outside the presence of either accused. The trial judge allowed the money to be introduced in evidence as part of the res gestae, and we think his ruling was correct for the reasons given in our discussion of Bills Nos. 1 and 4. Moreover, the money was properly admitted in evidence because before its introduction the officers testified to facts within their own knowledge—that they gave this identical money to the women—, and thus were describing their own acts and not repeating what was said to them by another person.
 

 Bill No. 7 was taken to the overruling of defendants’ motion for a new trial. This bill reiterates matters which we have already discussed in connection with the other bills reserved and perfected, and presents only one new allegation, that the writing pad or white tablet used as the hotel register was admitted in evidence over objection of the accused. The grounds of this objection are not disclosed by the motion for a new trial, and counsel do not argue in brief in this court that the trial judge erred in admitting this evidence. The judge’s ruling on the admissibility of this tablet is not before us for review because no bill of exception was perfected to this ruling. La.Code Crim.Proc. Arts. 500, 502; State v. Snowden, 174 La. 156, 140 So. 9; State v. Leon, 177 La. 293, 148 So. 54; State v. Odom, 192 La. 257, 187 So. 659; State v. Carlson, 192 La. 501, 188 So.
 
 *467
 
 155; State v. Johns, 209 La. 244, 24 So.2d 462.
 

 In argument and in brief here appellants contend that there is no evidence in the instant case to show that when they granted the right of use of the premises, they knew that the premises were to be used for the purpose of prostitution, which is the practice by a female of indiscriminate sexual intercourse with males
 
 for compensation;
 

 [3]
 
 in other words, they contend that there is no evidence to establish or prove that they knew that the premises would be ■.used for prostitution, and that this knowledge is an essential element of the offense with which they are charged.
 

 A defendant wishing to plead that there is no evidence of an essential element of the crime charged can obtain a review of this contention only by setting it up in a motion for a new trial and attaching to the motion
 
 all
 
 the testimony and evidence adduced during the trial; for unless all of the evidence is properly before us by way of a bill of exception we cannot possibly determine whether there is no evidence of an essential element of the crime. State v. LaBorde, 234 La. 28, 99 So.2d 11.
 

 The motion for a new trial in the instant case does not allege that there was no evidence adduced by the State to prove knowledge that the premises let were to be used for prostitution, an essential element of the crime, nor was the testimony adduced at the trial attached to and made part of the bill of exception reserved to the overruling of this motion. Under these circumstances the question is not before us. It is immaterial that all the testimony in this case was taken and is in the transcript. State v. Honeycutt, 218 La. 362, 40 So.2d 610; State v. Gaines, 223 La. 711, 66 So.2d 618; see State v. Brown, 236 La. 562, 108 So.2d 233.
 

 For the reasons assigned the convictions and sentences are affirmed.
 

 [1]
 

 . Article 85 reads: “Lotting premises for prostitution is the granting of the right of use or, the leasing of any premises, knowing that they are to be used for the practice -of prostitution, or allowing the continued use of the premises with such - knowledge. * * * ”
 

 [2]
 

 . Since the fine actually imposed upon each ' defendant exceeded $300.00, this court has appellate jurisdiction. La.Const. of 1921, Art. 7, Sec. 10(7).
 

 [3]
 

 . La.Crim.Code Art. 82.