190 So.2d 83

**STATE of Louisiana**

v.

**Joseph SIMMONS, Jr.**

No. 48148.

June 30, 1966.

Rehearing Denied Oct. 5, 1966.

Ronald A. Fonseca, New Orleans, for appellant.

Jack P. F. Gremillion, Atty. Gen., William P. Schuler, Asst. Atty. Gen., Jim Garrison, Dist. Atty., Louise Korns, Asst. Dist. Atty., for appellee.

FOURNET, Chief Justice.

The defendant, Joseph Simmons, Jr., having been convicted on a bill of information charging him with having "committed a simple burglary of the building and structure No. 119 S. Claiborne Ave., Claiborne Towers, Room 1771, belonging to one John P. Gimma, with the intent to commit a theft therein," prosecutes this appeal, relying on four errors allegedly committed during the course of the trial, to which timely bills were reserved[1] and duly perfected for a reversal.

In order to fully understand and properly resolve the issues posed by these bills, we think it necessary to state the facts pertinent for a decision. Gimma, who occupied the premises as lessee, because of a previous experience when his apartment had been burglarized, had instructed the management to permit no one to enter the premises in his absence. On April 1, 1960, the day of the offense alleged herein, Gimma was in his automobile ready to leave town when he returned to his apartment to secure a jewelry box he had forgotten there, and upon his arrival, hearing a sound like metal grinding against metal coming from within, immediately opened the door and saw the accused coming out of his bedroom with a bent kitchen knife in his hand and noticed that a metal box in the partially opened lower drawer of the

chiffrobe had been tampered with. He called the switchboard and the police, detaining the defendant until R. S. Guillory, the assistant manager of the establishment, Sam Di Marco, the house detective, and Patrolman Charles Blanque arrived. In the presence of these four persons, including the defendant and well within his hearing, the policeman asked Guillory if the defendant had authority to enter Gimma's apartment, and upon being informed that he did not, immediately placed him under arrest.

When the State, in response to the defendant's request for a Bill of Particulars, acknowledged Gimma's occupancy of the premises was as lessee, the defendant filed a Motion to Quash the Indictment, claiming the indictment was fatally defective as Gimma was not the owner of the building; and when the Motion was overruled by the trial judge, he reserved his first bill of exception.

We think the trial judge properly overruled this motion. While it is true as a general rule an indictment or information charging an accused with burglary, whether at common law or under a statute, must allege the ownership of the building or dwelling entered, but, as pointed out in Corpus Juris Secundum, Volume 12, Burglary, if the premises are "in the possession and occupancy of a tenant at the time of a

1. Two of the bills reserved were abandoned.

burglary, the ownership may be laid in the tenant, and at common law it must be so laid or there will be a fatal variance." P. 702, Section 38 (3). "The test, for the purpose of determining in whom the ownership of the premises should be laid in an indictment for burglary, is not the title, but the occupancy or possession at the time the offense was committed." P. 700, Section 38b (1). "Each apartment in a tenament or apartment house is the dwelling house of the occupant, and in an indictment for breaking and entering an apartment * * * the ownership should be laid in the occupant, not in the owner of the building, * * *." P. 705, Section 38 (9). "The purpose of requiring an indictment or information for burglary to state the name of the person who occupied and used the building entered is to negative defendant's right to break and enter, and to protect him from a second prosecution for the same offense, and such purpose is sufficiently satisfied where it is alleged and proved that a person other than defendant occupied and used the building when it was entered." P. 698, Section 37. See, also, 13 Am.Jur.2d 342, Section 37, and the authorities discussed in the annotations at 20 A.L.R. 510 and 169 A.L.R. 887.

State v. Broussard, 233 La. 866, 98 So.2d 218, relied upon by the appellant, clearly has no application to the case at bar, as the bill of information in that case simply accused the defendant of "burglary of Cag-nina's Bar, in the City of Crowley," which obviously did not negate the possibility the defendant was its owner. The information in the instant case not only negatives this possibility, but is also sufficient to satisfy the second reason for the rule, i.e., a plea of double jeopardy.

The next two bills are interrelated; the first being reserved when the trial judge overruled the defendant's objection to questions propounded to Patrolman Blanque relative to the statement made by Guillory in the presence of the defendant and within his hearing in the apartment of the victim; and the next bill was reserved to the witness' answer.

While hearsay evidence is generally inadmissible, there are exceptions to this rule, one being that such evidence is admissible when it is a part of the res gestae. Article 447, Code of Criminal Procedure, State v. Forsythe, 243 La. 460, 144 So.2d 536.

The defendant contends the testimony of Blanque should not be classified as part of the res gestae, and, as such, an exception to the hearsay rule, maintaining the test of what should be admitted as res gestae is the spontaniety of the utterance, and insists the statement Blanque testified to having heard was made after the commission of the crime and also after the accused was in legal custody. With these assertions we cannot agree.

This court, in State v. Forsythe, supra, and State v. Di Vincenti, 232 La. 13, 93 So.2d 676, in setting forth the rule to be prescribed in determining the admissibility of hearsay evidence as a part of the res gestae, quoted with approval the following statement from Wharton on Criminal Evidence: "In some states (Louisiana is one of these states), res gestae is given an even broader definition to include not only spontaneous utterances, and declarations made before and after the commission of the crime, but also to include real or demonstrative evidence relevant to the crime; and to include testimony, offered at the trial, of witnesses and police officers as to what they had heard or observed before, during, or after the commission of the crime; all that occurred at the time and place of the crime, or immediately before or after the crime if causally related thereto * * *." (Parenthesis ours.) Volume 1, page 624, Sections 279, etc. See, also, State v. Williams, 158 La. 1011, 105 So. 46; State v. Schmidt, 163 La. 512, 112 So. 400; State v. Dale, 200 La. 19, 7 So.2d 371; State v. Walker, 204 La. 523, 15 So.2d 874; 20 Am.Jur. 558, Section 667; and 1 Conrad's Modern Trial Evidence, p. 303, Sections 391, etc.

From the foregoing authorities, the evidence sought to be introduced herein was clearly admissible.

The last bill relied on by defendant is equally without merit. This bill was re-

served when his motion for a new trial was overruled, in which he relied on the errors forming the basis of the bills just disposed of; and in addition, several contentions are urged which are purely argumentative with respect to certain factual issues to which no timely objection was made or bill of exception reserved.

For the reasons assigned, the conviction and sentence are affirmed.