SANDERS, Justice.
The Calcasieu Parish Grand Jury indicted Horace Latigue for negligent homicide as defined by LSA-R.S. 14:32. The indictment charged that Latigue killed Betty Jane Reed by the criminally negligent operation of a motor vehicle and, more specifically, by driving at an excessive and illegal rate of speed, by failing to keep a proper look-out, and by driving the vehicle off the highway into a ditch. After trial, the jury returned a verdict of guilty. Thereafter, the trial judge sentenced the defendant to a term of two years in the Louisiana State Penitentiary.
The defendant appealed his conviction and sentence, relying upon two Bills of Exceptions reserved during the course of the trial.
The background facts are these: On or about Márch 25, 1965, 'the defendant and Betty Jane Reed, referred to as his wife, engaged' in an altercation at a night club in Lake Charles. During the course of the altercation, defendant struck her. He then took her to his automobile. In the meántime, a night club employee- reported the disturbance to the police. As the police patrol car arrived, defendant drove away at a high rate of speed. Operating a red dome light and siren, the police followed, but were unable to stop defendant. He continued to drive at high speeds, running stop signs and forcing traffic off the highway. At one point, the defendant veered into the police car, forcing it off the highway. The police fired several shots at the gas tank and tires. Finally, in the Town of Iota, defendant turned into a dead-end street. The automobile crashed through a fence at the end of the street and ran into a ditch, hitting the side of the embankment. *198 The police arrived shortly thereafter and found Betty Jane Reed pinned in the automobile, unconscious and groaning. She later died.
The defendant reserved Bill of Exceptions No. 1 to the refusal of the trial judge to give four requested special charges to the jury. One of them defined simple battery in statutory language. The remaining three delineated a police officer’s authority to arrest without a warrant for a misdemeanor.
LSA-R.S. 15:390 provided:[1]
“The prosecution and the defense have each the right to present to the court, before the argument has begun, any written charge or charges, and request that the same be given. Except as otherwise provided herein, the judge must give every such requested charge that is wholly correct and wholly pertinent, unless the matter contained in such charge have been already given, or unless such charge require qualification, limitation or explanation.”
None of the requested charges was “wholly pertinent” in the trial for negligent homicide. Simple battery is an improper verdict in a trial for negligent homicide. LSA-R.S. 15:386. Hence, the trial judge correctly refused to give the charge defining simple battery.
Defendant makes a stronger argument in support of the charges on the authority of police officers to arrest for a misdemeanor without a warrant. The law in effect at that time authorized a police officer to arrest for a misdemeanor without a warrant only if the misdemeanor were committed in his presence. See LSA-R.S. 15:60.[2] Defendant contends the police pursued him attempting to make an illegal arrest, “forcing him to run for his life.” Hence, he argues, the requested instructions were pertinent.
The complete transcript of evidence is made part of neither Bill of Exceptions. Hence, we cannot examine the evidence to determine if the officers were in fact attempting to make an illegal arrest. Without a factual base for appellate review, the illegal arrest contention must fall. That the defendant’s motive in driving his automobile at a high rate of speed was to avoid contact with police officers is no defense to the charge of negligent homicide. The trial judge properly disallowed the special charges.
Defendant reserved Bill of Exceptions No. 2 to the trial judge’s overruling of his motion for a new trial. The formal Bill of *200 Exceptions recites that “there was insufficient evidence to justify a verdict on the * * * cause of the death.” Attached to and made part of the Bill of Exceptions was the testimony of Dr. Avery Cook, a pathologist, as to the cause of the death.
Article VII, Section 10 of the Louisiana Constitution limits the scope of appellate review in criminal cases to questions of law. When there is some evidence of.the essential elements of the crime, this Court cannot review the sufficiency of the evidence. State v. Gatlin, 241 La. 321, 129 So.2d 4; State v. McDonell, 208 La. 602, 23 So.2d 230; State v. Holder, 159 La. 82, 105 So. 232.
A question of law is raised, however, when defendant in a motion for new trial alleges the complete absence of evidence as to a specified element of the crime and makes the entire transcript of testimony a part of his Bill of Exceptions. See State v. Cade, 244 La. 534, 153 So.2d 382; State v. McLean, 216 La. 670, 44 So.2d 698; and State v. Wooderson, 213 La. 40, 34 So. 2d 369.
In overruling the motion for a new trial,, the trial judge stated:
“I have reviewed the testimony of Dr. Cook, and as we review this testimony in view of the other testimony-regarding the accident, the type of accident, the position of the victim in the automobile, and the other evidence presented in the case, I cannot say that the jury did not have evidence upon which it could have based its conclusions.”
Defendant contends the testimony of the pathologist was inconclusive as to whether the victim’s death was caused by the automobile accident of defendant’s blows in the altercation. The jury, of course, was entitled to consider all pertinent evidence, including the nature and circumstances of the automobile accident. The phrasing of the Bill of Exceptions implies there was some evidence that the automobile accident caused the death. The complete transcript of evidence has not been made a part of the Bill of Exceptions. Hence, this Court cannot review the matter as an error of law.
For the reasons assigned, the conviction and sentence are.affirmed.. .

. The case was tried prior to the effective date of the present Louisiana Code of Criminal Procedure (Act No. 310 of 1966). Compare Art. 807 C.Cr.P.

. Compare Art. 213 C.Cr.P.