FOURNET, Chief Justice.
Defendant, Wilbur Lee Royal, prosecutes this appeal from his conviction and sentence to serve nine years in the Louisiana State Penitentiary on a charge by *654 bill of information with simple burglary, relying upon five bills of exception timely urged and perfected during the course of the trial for the reversal thereof.
The first three bills of exception are interrelated and will be considered together. The record reflects that the defendant was charged by bill of information with violation of L.R.S. 14:62[1] “in that, on or about the 8th day of. April, 1968, he committed simple burglary of the store building belonging to W. W. Jett.” After the jury had been empaneled and sworn, Mrs. Jett, who was the first witness palled by the State, testified under cross examination that the owner of the building in which she and her husband, who had died since the burglary, operated their mercantile business was one Marion H. Dover, whereupon- the State moved, and was permitted over defendant’s objection to amend the bill of information accordingly.[2] To this ruling the first bill of exception was reserved by counsel for defendant, who then' moved for a mistrial, claiming that the defect sought to be amended was a defect of substance and not one that could be amended under Code of Criminal Procedure Article 487,[3] which was also overruled by the trial judge and Bill of Exception No. 2 was reserved. Counsel for defendant, relying upon Code of Criminal Procedure Article 489,[4] sought a continuance by oral motion, claiming he was prej *656 udiced by the amendment, and upon the trial judge’s overruling this motion, the third bill of exception was reserved.
These three bills lack merit. The State obviously followed our directive in the case of State v. Champagne, 251 La. 849, 206 So.2d 518, wherein, as in the case at bar, the evidence showed that the place allegedly burglarized was owned by one other than the one named in the bill of information and the trial judge, nevertheless, permitted the evidence to be introduced over defendant’s objection. In that case we pointed out the better procedure would have been to do, as done herein, i. e., that the bill of information be amended in respect to the variance as provided for in Article 488 of the Code of Criminal Procedure,[5] and if the court concluded the defendant had been prejudiced in his defense on the merits, then it should grant a continuance as provided in Article 489 of the Code of Criminal Procedure. In resolving the issue, adverse to this appellant’s contention, this court observed: “The fact that the name of the owner as stated in the information was at variance with the evidence cannot be said to prejudice the cause of the defendant, for, as was very aptly observed in State v. Simmons, 249 La. 647, 190 So.2d 83, ‘The purpose of requiring an indictment or information for burglary to state -the name of the person who occupied and used the building entered is to negative defendants right to break and enter, and to protect him from a second prosecution for the same offense, and such purpose is sufficiently satisfied where it is alleged and proved that a person other than defendant occupied and used the building when it was entered.’ In the course of the opinion the court further observed, ‘The test, for the purpose of determining in whom the ownership of the premises should be laid in an indictment for burglary, is not the title, but the occupancy or possession at the time the offense was committed’.”
Of course, the mere change of name of the owner of the building in the bill of information in this case, as pointed out hereinabove, does not necessarily prejudice the defendant in the defense of his case and, inasmuch as the defendant has failed to show in what respect his defense was prejudiced by this change, the judge properly overruled the motion for a continuance. In fact, the trial judge in his per curiam to defendant’s bill of exception observed, “This court was convinced that the defense had well in advance of trial known of this discrepancy of title,” pointing out that it was the defendant “who was alert to the fact that the title to the store *658 building was not vested in W. W. Jett, as originally set forth in the bill of information, and the State first became acquainted with the fact by the move of the defense to exclude any evidence or testimony of the witness, Mrs. W. W. Jett, * *
The next two bills of exception are also interrelated, having been reserved when the trial judge permitted, over defendant’s objection, certain questions to be propounded to Captain George Adams, an officer from Texas. Bill of Exception No. 4 was reserved when the State was permitted to ask Captain Adams to state what articles were found in the vehicle when the defendant was stopped in Fort Worth, Texas by the officer; and Bill of Exception No. 5 was reserved when the State was allowed to question Captain Adams with respect to what articles he secured from the automobile after conducting a search at the police station, both objections being based upon the contention that such evidence was inadmissible since it was secured without a search warrant.
These two bills are equally without merit. The per curiams of the trial judge to these bills disclose that Captain Adams testified that he was on alert and looking for three described suspects based upon a bulletin from his headquarters, giving an accurate description of the wanted men and the car in which they were traveling that was released in accordance with arrest warrants issued in Louisiana from Sabine Parish, and from this description he recognized the suspects, ordered them over to the curb and arrested them, making an immediate search for weapons on or about the persons being arrested, stating further that because of the precariousness of the situation where the arrest took place, he being alone at the time of the arrest on the busy street with heavy traffic in the City of Fort Worth, the suspects, together with their automobile, were promptly taken to the police station where an immediate search of the entire car was conducted and the items about which the officer was questioned, clothing and work gloves, were found in the trunk.
From the foregoing it is clear that the trial judge’s conclusion that the arrest of the defendant was legal and the search conducted in connection therewith was not' unreasonable. Moreover, it is apt to observe that the trial judge states in his per curiam that the search was made with the express permission of the defendant.
For the reasons assigned the conviction and sentence are affirmed.

. L.R.S. 14:62 provides: “Simple burglary is the unauthorized entering of any vehicle, water craft, dwelling or other structure, movable or immovable, with the intent to commit any forcible felony or any theft therein, other than as set forth in Article 60.
“Whoever commits the crime of simple burglary shall he imprisoned at hard labor for not more than nine years.”

. The bill of information was amended to read that the defendant “ * * * committed simple burglary of the store building belonging to Marion H. Dover, in which was operated a mercantile business known as Florien Mercantile Company, owned by W. W. Jett * *

. “An indictment that charges an offense in accordance with the provisions of this Title shall not be invalid or insufficient because of any defect or imperfection in, or omission of, any matter of form only, or because of any miswriting, misspelling, or improper English, or because of the use of any sign, symbol, figure, or abbreviation, or because any similar defect, imperfeetion, omission, or uncertainty exists therein. ■ The court may at any time cause the indictment to be amended in respect to any such formal defect, imperfection, omission or uncertainty.
“Before the trial begins the court may order an indictment amended with respect to a defect of substance. After the trial begins a mistrial shall be ordered on the ground of a defect of substance.”

.“If it is shown, on motion of the defendant, that the defendant has been prejudiced in his defense on the merits by the defect, imperfection, omission, uncertainty, or variance, with respect to which an amendment is made, the court shall grant a continuance for a reasonable ' time. In determining whether the defendant has been prejudiced in his defense upon the merits, the court shall consider all the circumstances of the case and the entire course of the prosecution. If it become necessary to discharge the original jury from further consideration of the ease, the trial before a new jury will not constitute double jeopardy.”

. “Where there is a variance between the allegations of an indictment or bill of particulars which state the particulars of the offense, and the evidence offered in support thereof, the court may order the indictment or bill of particulars amended in respect to the variance and then admit the evidence.”