249 So.2d 532

**STATE of Louisiana**

v.

**Steve HUTCHINGS et al.**

**No. 50836.**

June 7, 1971.

Lyall G. Shiell, Jr., Zelden & Zelden, Sam Monk Zelden, Rudolph F. Becker, III, New Orleans, for defendants-appellants.

Jack P. F. Gremillion, Atty. Gen., Harry H. Howard, Asst. Atty. Gen., Jim Garrison, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.

SANDERS, Justice.

Steve Hutchings, William Clayton, Ozana Solomon, Herbert Taylor, Henry Lee Thompson, James Causey and Climon Smith appeal from their theft convictions and sentences of three years at Louisiana State Penitentiary.

During 1964, the officials of L. Frank & Company, Inc., a wholesale produce establishment in New Orleans, became alarmed over continued shortages. A company official retained a private detective agency to conduct an investigation. The investigation disclosed that certain loaders, shipping clerks, warehousemen, and truck drivers had been systematically misappropriating produce from the company stock for almost two years. The thefts were perpetrated by the following system: The shipping clerks and loaders would place chickens, eggs, and butter on the delivery trucks in excess of the orders. Then, while making the regular deliveries, the drivers would sell the excess produce and divide the proceeds with the participating loaders, warehousemen, and shipping clerks.

The private investigators obtained confessions from several of the employees, including James Causey and Ozana Solomon, two of the appellants.

By Bill of Information the State charged thirteen persons with the theft. Two defendants remained at large at the time of the trial. One was granted a severance. One pleaded guilty and testified for the State. Another was found not guilty. The present appellants and Percy Williams were found guilty. Subsequently, however,

the trial judge granted Percy William's motion for a new trial.

The appellants rely upon six Bills of Exceptions reserved to the admission of the confessions in evidence, the examination of the confessions by the jury after it had left the jury box, the admission of certain rebuttal evidence, and the denial of the motion for a new trial.

Causey's Bill of Exceptions No. 1 and Solomon's Bill of Exceptions:
Admission of Confessions

Both James Causey and Ozana Solomon reserved bills of exceptions, when the trial judge ruled that their confessions were freely and voluntarily made and admissible in evidence.

At the time of objection, the defense directed its argument to the voluntariness of the confessions. In the formal bill, however, the defense complains that the confessing defendants were not advised of their rights to remain silent and to consult an attorney.

The present trial took place in October, 1965, prior to the decision of the United States Supreme Court in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), requiring a fourfold warning to a person in legal custody before interrogating him to secure a confession. The Miranda decision, being prospective only, is inapplicable to these confessions, even if we assume that they were obtained as a result of custodial interrogation. See Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882; State v. Evans, 249 La. 861, 192 So.2d 103.

The defendants, however, argue that such warnings were also required under the earlier decision in Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1965). In any event, they assert that the absence of warnings may be considered in testing the voluntariness of the confessions.

The holding of Escobedo v. Illinois is set forth by the United States Supreme Court in the following language:

"We hold, therefore, that where, as here, the investigation is no longer a general inquiry into an unsolved crime but has begun to focus on a particular suspect, the suspect has been taken into police custody, the police carry out a process of interrogations that lends itself to eliciting incriminating statements, the suspect has requested and been denied an opportunity to consult with his lawyer, and the police have not effectively warned him of his absolute constitutional right to remain silent, the accused has been denied 'the Assistance of Counsel' in violation of the Sixth Amendment to the Constitution as 'made obligatory upon the States by the Fourteenth Amendment,' Gideon v. Wainwright, 372 U.S. [335], at 342, 83 S.Ct. at 795, 9 L. Ed.2d at 804, 93 A.L.R.2d 733, and that

no statement elicited by the police during the interrogation may be used against him at a criminal trial."

■ In the holding, we note that the defendant was in police custody, and the police denied his request to consult his lawyer. Neither of these decisive factors are present here. We find in the holding no requirement that warnings of constitutional rights be given to persons questioned while at liberty during an investigation by a private detective agency.

The investigating agents of the private detective agency testified as to the circumstances surrounding the giving of the confessions. On the morning of October 28, 1964, the date on which the theft system was discovered, the agents interviewed James Causey, Ozana Solomon, and others at the company's office. The agents notified these employees that they were not police officers, that no one was under arrest, that they would like to interview them, but that they did not have to talk with the agents if they did not want to.

The agents interviewed Causey and Solomon. They gave confessions within a half hour after the interviews began.

The testimony shows that the interviews were fairly conducted and that no promises, threats, or other forms of coercion induced the confessions. The record contains no substantial testimony to the contrary.[1]

We find, as did the trial judge, that the confessions were freely and voluntarily given. Hence, these bills of exceptions lack merit.

Causey's Bill of Exceptions No. 3 and
    Hutching's Bill of Exceptions No. 4:
    Allowing Written Confession to be
    Shown to the Jury

■ In their motion for a new trial, Causey and Hutchings alleged that the trial judge erred "in permitting written confessions to be shown to the jury after it had obviously begun to deliberate." They reserved Bills of Exceptions to the overruling of their motion for a new trial.

In his *Per Curiam*, the trial judge explains that after the jury retired, they returned to the courtroom immediately and requested permission to see the confessions. After the trial judge verified that they had not begun their deliberations, he allowed them to see the confessions. Defense counsel made no objection at the time and complained of this incident for the first time in the motion for a new trial.

Since no objection was made and no bill of exceptions reserved at the time, the de-

1. After the confessions had been ruled admissible by the trial judge, James Causey asserted in his testimony before the jury that he signed a blank piece of paper, because a company official asked him to sign it to collect insurance for the theft losses. Such a blank-paper procedure is refuted by the testimony.

fendants waived any complaint concerning this procedure and may not avail themselves of it as a ground for reversal on appeal. Arts. 502, 510, Louisiana Code of Criminal Procedure of 1928[2]; State v. Cloud, 246 La. 658, 166 So.2d 263; State v. Forsythe, 243 La. 460, 144 So.2d 536.

### Causey's Bill of Exceptions No. 2: Rebuttal Evidence

During its rebuttal, the State offered the testimony of James Broussard to show that he bought two cases of eggs from Percy Williams, one of the defendants, and paid him $14.00, for which he never received a receipted bill from the company.

Defendant Causey complains that this testimony was improper rebuttal evidence, because Williams did not take the stand as a witness. This complaint is the subject of his Bill of Exceptions No. 2.

This rebuttal testimony refers only to Percy Williams. As we have already observed, the trial court granted him a new trial, and he is no longer a party to this prosecution.

Assuming, without deciding, that the testimony went beyond the scope of rebuttal, the deviation in our opinion was harmless error as to James Causey, the appellant. As to him, all elements of the offense had

already been well established by his confession, the testimony of other employees, and that of the private investigators. In his *Per Curiam*, the trial judge noted, "[T]he essential elements of the crime were proved independently * * * of the testimony of the witness Broussard."

Since 1928, our law has contained a harmless error provision applicable to criminal cases.[3] Without substantial change, the provision was incorporated in the Louisiana Code of Criminal Procedure of 1966 as Article 921. That Article provides:

"A judgment or ruling shall not be reversed by an appellate court on any ground unless in the opinion of the court after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, is prejudicial to the substantial rights of the accused, or constitutes a substantial violation of a constitutional or statutory right."

Under the test set forth in this Article, if any error occurred, it does not warrant a reversal of the conviction. Hence, this bill of exceptions is rejected.

### Climon Smith's Bill of Exceptions to the Overruling of his Motion for a New Trial

In the formal Bill of Exceptions relating to the denial of motion for a new trial, de-

---

2. The 1928 Code of Criminal Procedure was in effect at the time of the present trial in 1965.

3. See former LSA–R.S. 15:557 and Act No. 2 of 1928.

fendant Climon Smith asserts that there was a "complete lack of evidence of guilt." An examination of the motion for a new trial filed in the lower court, however, discloses that it contains no such allegation. The motion is restricted to a reiteration of the objections raised in the previous bills of exceptions.

 In this state, an appeal in a criminal case is only on questions of law. This Court has no jurisdiction to review the facts. Art. 7, Sec. 10, La.Constitution; State v. Gatlin, 241 La. 321, 129 So.2d 4.

A reviewable question of law is raised when the defendant alleges in a motion for a new trial that there is a complete lack of evidence of an essential element of the offense and reserves a proper bill of exceptions to the overruling of the motion. State v. Latigue, 251 La. 193, 203 So.2d 546; State v. Bueche, 243 La. 160, 142 So.2d 381; State v. Forsythe, 243 La. 460, 144 So.2d 536

In State v. Forsythe, supra, we said:

"A defendant wishing to plead that there is no evidence of an essential element of the crime charged can obtain a review of this contention only by setting it up in a motion for a new trial and attaching to the motion *all* the testimony and evidence adduced during the trial; for unless all of the evidence is properly before us by way of a bill of exception we cannot possibly determine whether there is no evidence of an essential element of the crime."

Since the motion for a new trial on which the trial judge ruled contains no allegation relating to the lack of evidence, it raises no question of law for review by this Court.

We conclude the Bill of Exceptions is without merit.

For the reasons assigned, the convictions and sentences are affirmed.