321 So.2d 331 (1975)
STATE of Louisiana
v.
Luther SHARP.
No. 56509.
Supreme Court of Louisiana.
November 3, 1975.
Wilfret R. McKee, Harris, Stampley, McKee, Bernard & Broussard, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.
*332 BOLIN, Justice.
The defendant was charged by bill of information with the attempted armed robbery of a Morrison Cab Company driver and was convicted of that offense after a trial by jury. The trial court imposed a sentence of twelve years. This sentence, along with the conviction which forms the basis therefor, is attacked by the defendant upon this appeal. Defendant contends that two rulings by the trial court constitute reversible error and warrant reversal of his conviction and sentence. We affirm.
The attempted armed robbery for which defendant was prosecuted took place on the evening of September 1, 1974, in the uptown section of the city. After being brought to his destination the defendant attacked the driver with a hammer. Statements made by the defendant after the driver had subdued him and disarmed him, remarks concerning his need for money to obtain a "fix," established that the attack was in pursuance of a plan to rob the driver.
ASSIGNMENT OF ERROR NO. 1
An error regarding the date of the offense appeared in the bill of information; the discrepancy between the date of the offense and the date appearing in the bill (September 2, 1974 originally appeared) was not noted until after the State had begun its opening statement and alluded to the true date of the offense. At the time the State mentioned the date, defense attorney interrupted the statement and requested that he and the prosecutor be allowed to approach the bench. At this point, the jury was excused from the courtroom and the court, after ascertaining the correct date was September 1, 1974, stated it would permit the State to amend the date shown in the information. Defendant objected to an amendment of the date, arguing that his defense was based on the date and that amendment would substantially alter his defense, since he was prepared to present evidence that on the date of the crime as originally charged, he was in no position to commit the crime. He acknowledges that La.C.Cr.P. art. 468 makes it unnecessary for an indictment to state the date of an offense when such date is not an essential element of the offense. He cites City of Baton Rouge v. Norman, 290 So.2d 865 (La.1974), in support of his argument that the mistake in the date here is a defect of substance which "* * * will work to the prejudice of the party accused. * * *" 290 So.2d at 870.
Since the date on which the attempted armed robbery took place is not an essential element of the crime charged, the mistake respecting the date constitutes a mistake of form only, which may be amended at any time with leave of court, in accordance with La.C.Cr.P. art. 487. The mistake did not work to the prejudice of the accused, who was arrested at the scene of the attempted armed robbery of the cab driver on September 1, 1974, and was in fact in jail on September 2, 1974, and was wholly aware of these facts. This complaint is devoid of merit.
ASSIGNMENT OF ERROR NO. 2
This assignment of error is based on defendant's objection to the trial court's denial of his request for a continuance. At the time the court permitted the amendment of the date, defendant requested the continuance "to properly defend in this matter." The trial court asked whether the planned defense concerned an alibi as to the September 2nd date, but defendant declined to disclose his defense, urging only that "date is very important in my defense." Defendant then reserved a bill to the court's overruling his objection to the amendment of the indictment and reiterated his earlier request for a trial continuance. The trial court indicated a willingness to grant a continuance only "[i]f it can be shown there is a substantial difference and it affects your defense very substantially * * *" and commented that defendant *333 had not shown in what respect his defense was affected. Defense counsel replied:
"In the respect, Your Honor, with limitations, is that my witnesses, some of my witnesses, will testify as to their actions involving the defendant which would relate to his defense as having happened on the second. Now, you change the date, and there could possibly be some other witnesses that I could get for the particular date in question, if it's changed to the first. My witnesses are testifying to what they know about the second. So, I requested a continuance in order to properly prepare."
The trial court interrupted, stating, "He was in jail on the second, huh? How could they testify to an alibi on the second?" Defense counsel stated that was "* * * a part of the defense" but insisted that the court's action substantially altered the defense. He admitted in response to a question by the court that one of the defense witnesses was to testify defendant was in jail on the second and therefore could not have committed an attempted armed robbery on that date. The trial court denied the continuance and the defendant objected.
We note at the outset that the repeated references to a trial continuance were improper since, according to the provisions of La.C.Cr.P. art. 708, only a recess could have been granted at this point, trial having commenced. Nevertheless, the same standard is applicable to judge the propriety of the trial court's ruling on a request for recess. In State v. Richmond, 284 So.2d 317 (La.1973) that standard was articulated:
"The grant or denial of a recess is largely within the well founded discretion of the trial court * * * where the defense did not make a showing of a compelling reason for granting a recess, at the time the motion was made, it cannot be said the trial court abused its discretion by refusing the recess." 284 So.2d at 326.
We do not find that defendant made a showing which mandated the granting of a recess. Defendant declined to do more than merely allege that he would be prejudiced by denial of the "continuance." There was no convincing showing made which would have rendered the discretionary denial of the motion an abuse and, therefore, reversible error.
For the foregoing reasons, the conviction and sentence are affirmed.