338 So.2d 686 (1976)
STATE of Louisiana
v.
Earnest C. BROWN.
No. 58050.
Supreme Court of Louisiana.
October 6, 1976.
*687 Edward C. Keeton, Marrero, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John M. Mamoulides, Dist. Atty., Gretna, Abbott J. Reeves, Director, Regina C. Cooper, Research and Appeals Div., Metairie, for plaintiff-appellee.
MARCUS, Justice.
Earnest C. Brown was charged by bill of information with having illegally distributed a controlled dangerous substance, to-wit: heroin, to a person under the age of eighteen, in violation of La.R.S. 40:981. After trial by jury, he was found guilty as charged and was sentenced to life imprisonment at hard labor. On appeal, defendant relies on five assignments of error for reversal of his conviction and sentence.[1]

ASSIGNMENT OF ERROR NO. 1
On the day fixed for trial, but prior to commencement thereof, the state was allowed to amend the bill of information as to the date of the offense charged from March 28, 1974, to March 27, 1974. Defendant concedes in brief that the amendment was properly made under the provisions of La. Code Crim.P. art. 487, as amended, La.Acts 1970, No. 679, § 1. Therefore, this court need only consider his contention that the trial court erred in failing to grant a one-day's continuance requested pursuant to the state's amendment.
La.Code Crim.P. art. 489 (1966) provides in pertinent part:
If it is shown, on motion of the defendant, that the defendant has been prejudiced in his defense on the merits by the defect, imperfection, omission, uncertainty, or variance, with respect to which an amendment is made, the court shall grant a continuance for a reasonable time. In determining whether the defendant has been prejudiced in his defense upon the merits, the court shall consider all the circumstances of the case and the entire course of the prosecution. . . .
The official revision comments addressed to this article by its redactors demonstrate that the purpose of the continuance is to protect the defendant against surprise and prejudice which might result from such an amendment. It is incumbent upon defendant to show in what respect his defense has been prejudiced by the amendment of the bill. State v. Royal, 255 La. 651, 232 So.2d 465 (1970).
In a case strikingly similar on its facts to the case at bar, we held that a mere allegation by defendant that his defense would be affected by the amendment of the bill of information does not constitute such a showing of prejudice as to render the trial judge's refusal of a continuance reversible error. State v. Sharp, 321 So.2d 331 (La. 1975). In the instant case, as in Sharp, the defendant declined to respond to the trial *688 judge's queries as to the possibility of an alibi defense and only insisted that his case would be prejudiced. Nor can the defendant claim unfair surprise. On March 28, 1974, the original date in the bill of information, the defendant had already been arrested and incarcerated for the offense charged, a fact of which the defendant must be held to have been fully aware. Hence, we find no showing of prejudice or surprise. The trial judge did not abuse his discretion in denying defendant's motion for a continuance.
This assignment of error is without substance.

ASSIGNMENT OF ERROR NO. 2
After testimony of defense and prosecution witnesses at the hearing on the motion to suppress evidence, the trial judge ruled admissible the search warrant and supporting affidavit over defendant's objection that he should be allowed to present further testimony. This ruling is assigned as error.
We note at the outset that the defendant failed to designate for inclusion in the record for appeal a full transcript of the hearing on the motion to suppress. However, the per curiam of the trial judge discloses that defendant had attempted to prove the nonexistence of a search warrant through testimony to the effect that a warrant was never shown to anyone at the time of the search. The per curiam also states that the state introduced testimony from the executing officers that a warrant had, in fact, been issued prior to the search. Moreover, the record shows that the judge presiding at the hearing on the motion to suppress had himself signed the warrant sought to be admitted. Defendant does not dispute these facts.
The trial judge is accorded much discretion in determining the credibility of witnesses at a hearing on a motion to suppress evidence. State v. Jones, 308 So.2d 790 (La.1975). In the absence of any claim by defendant that the additional testimony he wished to produce was other than cumulative or repetitive, we cannot say that the trial judge abused his discretion in admitting the documents in evidence based on the executing officers' testimony and his own knowledge of the warrant's issuance and without allowing further testimony. Hence, this assignment of error is without merit.

ASSIGNMENTS OF ERROR NOS. 5 AND 6
Defendant contends that the trial judge erred on two occasions by sustaining state objections to certain testimony on the ground of hearsay. Defendant argues that the presence of all out-of-court declarants and their availability for cross-examination operates to take an otherwise hearsay statement out of the rule against hearsay evidence announced in La.R.S. 15:434.
There is no merit to this contention. In the first instance (Assignment of Error No. 5), Lonnie Everett, a state witness, had testified on direct examination that he was present at defendant Brown's home on March 27, 1974 when defendant injected heroin into Dewey Rivet's arm. On cross-examination, Everett admitted that he had also been shot with dope on this occasion. Shortly after he and Rivet had left defendant's home, they were stopped by the police. Everett was arrested and charged with possession of heroin. The witness signed a statement at the time of his arrest. He denied that the police made any threats to him if he did not testify against defendant either at the time of his arrest or subsequently. Thereupon, defense counsel questioned the witness as to whether he was present when the police questioned River to which he relied in the affirmative. Everett was then questioned as to what he had heard the police tell Rivet. The state objected on the ground of hearsay. The objection was sustained by the court.
In the second instance (Assignment of Error No. 6), defendant had taken the stand in his own defense. While admitting that Rivet and Everett had been at his house on the day in question, he denied administering heroin to them. He stated that they *689 left but returned shortly thereafter with the police and identified him to the police. Thereupon, defendant began to testify as to what one of the police officers said to Lonnie Everett at the time. The state objected on the ground of hearsay. The court first ruled that the testimony of what the police officer said would be hearsay. The jury was removed and further discussion ensued. It is unclear from the record as to whether the trial judge ultimately reversed his previous ruling on this point.
Hearsay evidence is evidence of an unsworn, out-of-court statement made by a person other than the testifying witness and introduced for the truth of its content. State v. Hayes, 306 So.2d 705 (La.1975); State v. Jacobs, 281 So.2d 713 (La. 1973). Hearsay evidence is inadmissible except under one of the statutory or well-recognized exceptions. La.R.S. 15:434.
The testimony attempted to be adduced in each instance was, in fact, evidence of unsworn, out-of-court statements made by persons (police officers) other than the testifying witnesses (Lonnie Everett and Earnest Brown). The record reflects that, when the trial judge ruled that the proposed testimony constituted hearsay, the defendant noted his disagreement with the ruling but failed to state any valid grounds for his position that the statements of the out-of-court declarants were admissible. La.Code Crim.P. art. 841 provides that an irregularity or error cannot be availed of after verdict unless the party "at the time the ruling or order of the court is made or sought, makes known to the court . . . his objections to the action of the court, and the grounds therefore." No argument was ever presented for the consideration of the trial judge alleging that the testimony sought to be admitted fell within one of the exceptions to the prohibition against hearsay evidence. Nor did the defendant claim that the testimony was non-hearsay and demonstrate that it was being offered for some purpose other than to prove the truth of the matters asserted in the out-of-court statements. Moreover, the defendant has not indicated what the testimony of the witnesses would have been had they been allowed to answer his questions and he has not shown how and to what extent his defense has been prejudiced by the exclusion of the evidence. Without a further showing by the defendant, we cannot find that the trial judge erred in sustaining the state's objections to the proposed testimony.
Assignments of Error Nos. 5 and 6 are without substance.

ASSIGNMENT OF ERROR NO. 7
Defendant assigns as error the trial judge's refusal to grant a new trial for the purpose of presenting newly discovered evidence designed to establish defendant's presence in class at the Elkins Institute in New Orleans from 8:00 a.m. to 1:00 p.m. on the date of the alleged crime (March 27, 1974).
La.Code Crim.P. art. 851(3) (1966) dictates that the court, on motion of defendant, shall grant a new trial whenever:
New and material evidence that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before or during the trial, is available, and if the evidence had been introduced at the trial it would probably have changed the verdict or judgment of guilty;
This court has consistently held that a motion for a new trial is properly rejected where the new evidence is of a nature that it should have been discovered before or during trial. State v. Rossi, 273 So.2d 265 (La.1973). The presence of the defendant in class at the Elkins Institute was a fact peculiarly within his own knowledge. Failure to produce witnesses to so testify cannot satisfy the showing of due diligence mandated by Code Crim.P. art. 851(3).
Furthermore, the defendant failed to demonstrate that had the evidence been offered in the original trial it would probably have changed the verdict of guilty. In considering a motion for new trial based on newly discovered evidence, the test to be employed is not simply whether another *690 jury might bring in a different verdict, but whether the new evidence is so material that it ought to produce a different result than the verdict reached. State v. Jackson, 253 La. 205, 217 So.2d 372 (1968). The trial judge is accorded considerable discretion in evaluating the impact of the testimony on the verdict, and his ruling will be disturbed on appeal only when there is a clear showing of abuse of discretion. State v. Phanor, 325 So.2d 579 (La.1976). One of the state witnesses, Lonnie Everett, testified that Brown was present when he "shot dope" at Brown's residence at approximately 5:00 p.m. on March 27, 1974. Moreover, the defendant in his own testimony confirmed that he was at home on the afternoon in question and that Everett was with him, among others, until shortly before 6:00 p.m. Even assuming that the defendant could prove his presence in class at Elkins Institute in New Orleans until 1:00 p.m. on the date of the offense charged, that evidence would not preclude his guilt of a crime committed later that date in a neighboring parish (Jefferson). Therefore, the alleged newly-discovered evidence did not meet the requisite standard of probability of changing the verdict.
The trial judge did not abuse his discretion in denying the motion for a new trial.
Assignment of Error No. 7 is without merit.

DECREE
For the reasons assigned, the conviction and sentence are affirmed.
NOTES
[1] Assignments of Error Nos. 3 and 4 have neither been briefed nor argued to this court. Hence, we consider them to have been abandoned. State v. Blanton, 325 So.2d 586 (La. 1976); State v. Carlisle, 315 So.2d 675 (La. 1975).