STATE OF HAWAII, Plaintiff-Appellee, *v.* MITSUHIRO IWASAKI, Defendant-Appellant

NO. 6002

JULY 28, 1978

RICHARDSON, C.J., KOBAYASHI, OGATA, MENOR AND KIDWELL, JJ.

*Per Curiam.* The defendant was found guilty of promoting prostitution in the second degree. He appeals from the judgment and sentence of the trial court.

The only issue on appeal which requires our serious consideration is, whether certain statements made outside of the presence of the defendant were admissible against him. We find all other defense contentions to be without merit.

The defendant was indicted for the crime of advancing or profiting from prostitution "by managing, supervising, controlling, or owning, either alone or in association with others, a house of prostitution or a prostitution business or enterprise involving prostitution activity by two or more prostitutes." *See* HRS § 712-1203(1)(a). On the date of the alleged offense Officers Ballew and Kawamura, in plain clothes and posing as tourists, had gone to the BPM Club located at 1550 Rycroft Street in Honolulu. They were met at the door by the defendant who, after satisfying himself that they were indeed "tourists," admitted them into the establishment. Officer Ballew testified:

Q. Okay. Could you continue then with the context of your conversation?

A. After the conversation about us being tourists, he asked — he told us, "Oh, it's going to be seventy dollars

for the session," and I asked him, "Is this like the massage parlors in Japan?" He said, "No, here all they do is strictly for sex, sexual pleasure." And after that I gave him the one hundred and forty dollars, seventy dollars for me and seventy dollars for the other officer, and he led us to two rooms. One I went into and the other Officer Kawamura went into.

Q. When you went into the room, what transpired in the room?

A. Well, he told us, "Well, the girls will be right in." So we was just hanging around.

Officer Ballew further testified over the objection of the defendant:

I waited in the room for about three minutes before she [Elaine Dunbar] came in and when she came in she told me, "Take off your clothes and go take a shower." I told her, "I don't need a shower," and she said, "Take off your clothes, anyway. We'll get started." I said, "So what are we going to get started?" She said, "We're going to [have sexual intercourse]. Isn't that what you paid your money for?"

Officer Nakamura testified that the defendant told him to wait in the room assigned to him. After a few minutes a female who told him her name was Eva [Ellen Cofield] entered the room. When asked what then transpired, the officer answered over the objection of the defendant:

She said, "You take off clothes," and I kind of stared at her and then she made a hand jesture (sic), she made a circle with her left hand and with her pointing finger she kind of . . . she made this jesture (sic) (indicating) and she said, "You [have sex]." And I just stood there and stared at her and at this time from the adjacent room, which was connected by a door, the door opened, then a female who I arrested in December named Elaine Dunbar peeped in to see what the other customer, meaning me, you know, what I looked like. And she recognized me and I recognized her and she went dashing out of the room and she was saying "cop". At this time Eva just left the room, too.

The defendant argues that while the statements of Elaine Dunbar and Ellen Cofield may have been admissible in a prosecution against them, they were inadmissible hearsay as against him. We disagree.

The defendant was accused of promoting prostitution "involving prostitution activity by two or more prostitutes." Whether Elaine Dunbar and Ellen Cofield were engaged in prostitution activity at the time in question was necessarily relevant to the offense for which the defendant was indicted. The statements attributed to the two women were made by participants during the course of events, and thus were part of the transaction constituting the alleged violation. These were verbal acts serving to illuminate or to explain the nature of the activity in which the women and the defendant were engaged, and as facts constituting a part of the transaction, they were admissible in evidence under the rule of res gestae.[1] *State v. Malena*, 4 Conn. Cir. 594, 237 A.2d 572 (1967); *State v. Forsythe*, 243 La. 460, 144 So.2d 536 (1962). *See also State v. Ranger*, 149 Me. 52, 98 A.2d 652 (1953); *Ward v. United States*, 296 F.2d 898 (1962).

Affirmed.

*Charles H. Silva, Jr. (Bicoy & Yamane,* of counsel) for defendant-appellant.

*Keith L. Walker,* Deputy Prosecuting Attorney for plaintiff-appellee.

---

[1] We need not discuss whether the statements might also have been admissible under agency and conspiracy doctrines.