**A. C. MORGAN, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. A2272.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Feb. 13, 1980.

Thomas S. Berg, James E. Anderson, Jr., James Randall Smith, Law Offices of James R. Randall Smith, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Calvin A. Hartmann, Asst. Dist. Atty., Houston, for appellee.

Before J. CURTISS BROWN, C. J., and MILLER and PAUL PRESSLER, JJ.

PAUL PRESSLER, Justice.

This appeal is from the granting of a temporary injunction enjoining appellant and his co-defendants below from permitting certain property under their control "to be used or occupied by prostitutes for the purpose of prostitution and for the promotion and aggravated promotion of prostitution."

Appellee brought this action seeking a temporary injunction to abate a public nuisance, specifically, the use of the Satelite Club No. 2 (the Club), located in Spring, Texas, "for the promotion or aggravated promotion of prostitution . . .", such action being provided for in Tex.Rev.Civ. Stat.Ann. art. 4667(a)(2) (Vernon Supp. 1979–1980). A hearing was held July 31, 1979 and, based on the evidence, the court found that Donald Harris, Retha Hunt, and the appellant were in lawful possession and control of the Club. The court concluded that prostitution was being promoted there and ordered appellant and his co-defendants below to abate that public nuisance.

Appellant, alone, has appealed from the order of the trial court. He contends that the court erred in finding that the Club was being operated as a public nuisance because there was insufficient evidence for this finding. Two vice squad officers from the Harris County Sheriff's Department, and a civilian, testified that they were repeatedly solicited to engage in sexual activities within the premises in exchange for pre-determined fees. The testimony indicates that the solicitations were made on the premises on three different occasions. Appellant contends that all of this testimony violated the hearsay rule. We hold that the testimony was not hearsay and, therefore, was properly admitted. McCormick and Ray have stated in their treatise on evidence:

[I]t is only where proof of some one's out-of-court assertion is used as proof of the fact asserted, that evidence is hearsay. Many utterances or writings out of court may obviously be proved without coming in this class. Most obviously is this true where the words proven constitute a necessary part of the cause of action or defense, or as is sometimes said, are "operative" facts, or part of the "ultimate issue." In such cases the words are not proved as assertions of some fact. The utterance or writing of the words is itself the fact to be proved, and if evidence of such utterance or writing be given by one who testifies to it as a matter of personal knowledge, it is obviously not hearsay.

1. C. McCormick and R. Ray, Texas Law of Evidence § 795 (Texas Practice 2d ed. 1956). Clearly, the utterances heard by and testified to by the officers and their assist-

ant were admitted as "operative facts". The statements, themselves, possess legal significance in demonstrating that the promotion of prostitution was indeed taking place on the premises in question. They were not tendered to prove the fact that such acts would be performed. The admission of this testimony is akin to the admission of testimony as to a contractual offer, and such has been held not to constitute hearsay evidence. *Irving Lumber Company, Inc. v. Alltex Mortgage Company*, 446 S.W.2d 64 (Tex.Civ.App.—Dallas 1969), affirmed, 468 S.W.2d 341 (Tex.1971).

Further, it is clear that in criminal actions whereby the defendant is prosecuted for maintaining a "bawdyhouse", testimony of conversations between prostitutes and law enforcement officials of the nature involved in the case before us, is admissible for the purpose of proving the character of the house. *Bryant v. State of Texas*, 163 Tex.Crim. 463, 293 S.W.2d 646 (1956). The similarity in the causes of action argue for a uniform rule of admissibility.

We hold that the testimony of the officers and accompanying civilian was properly admitted and is sufficient to support the order of the court.

Affirmed.