899 P.2d 406

**State of Hawai'i, Plaintiff–Appellee,**

v.

**Sue Ann CONNALLY, Defendant–Appellant.**

**No. 16378.**

Intermediate Court of Appeals of Hawai'i.

June 30, 1995.

Walter J. Rodby, Deputy Public Defender, on the briefs, Honolulu, for defendant-appellant.

James M. Anderson, Deputy Pros. Atty., City and County of Honolulu, on the brief, Honolulu, for plaintiff-appellee.

BURNS, C.J., and WATANABE and ACOBA, JJ.

WATANABE, Judge.

Defendant–Appellant Sue Ann Connally (Defendant) appeals from the judgment of the district court finding her guilty of prostitution, a petty misdemeanor under Hawai'i Revised Statutes (HRS) § 712–1200 (Supp. 1992).[1] She contends that: (1) the lower court erred by denying her a jury trial, (2) the court improperly admitted into evidence hearsay testimony by the arresting police officer, and (3) there was insufficient evidence to support her conviction for prostitution.

For the reasons set forth below, we affirm the district court's judgment.

## I. BACKGROUND

On the evening of April 17, 1992, Honolulu police officer Rick Orton (Officer Orton) was assigned to plainclothes duty in Waikīkī to "enforce morals violations." While monitoring activities on Kalākaua Avenue, Officer Orton observed Defendant "walking back and forth on the Mauka[2] sidewalk of Kalākaua [Avenue], approaching Japanese tourists as they passed by and attempting to talk to them or stop them." Transcript (Tr.) 7/1/92, at 7 (footnote added).

Officer Orton then followed Defendant, who struck up a conversation with three Japanese males, allegedly tourists from Japan. From a distance of about two feet, Officer Orton heard Defendant say, in Japanese, "Asobi masho ka?" which the officer testified is literally interpreted as, "Would you like to play?" but is also a "street term or vernacular used to solicit or imply sexual activities." Id. at 8, 9. The men looked at Defendant but continued walking, whereupon Defendant said to them, "Hyaku doru Aru?" meaning, "[D]o you have a hundred dollars?" Id. at 11. One of the men turned and responded, "Arimasu," which means, "I have." Id. at 13. Defendant then replied, "Issho niku, issho niku masho [sic]," which, according to Offi-

---

1. Hawai'i Revised Statutes § 712–1200 (Supp. 1992) provides in relevant part:
   (1) A person commits the offense of prostitution if the person engages in, or agrees or offers to engage in, sexual conduct with another person for a fee.
   In this case, Defendant was specifically charged with "offer[ing] to engage in sexual conduct with another person, in return for a fee." Transcript 7/1/92, at 5.

2. "Mauka" is a Hawaiian word meaning "inland." M. Pukui and S. Elbert, *Hawaiian Dictionary* 242 (1986).

3. Defendant's reply probably was, "Issho ni iku, issho ni iku mashoo," a colloquial form of "Issho ni ikimashoo," which means, "Let's go together." N. Inamoto, *Colloquial Japanese* 169 (1972).

cer Orton, is the street translation for, "[W]e'll go together, let's go." *Id.*

At that point, Officer Orton approached Defendant, identified himself as a police officer, and placed her under arrest for prostitution. While pointing at Defendant, Officer Orton then asked the three men, in Japanese, whether they knew Defendant. The men replied, "Shiranai, shiranai," which means, "I don't know," and walked away. *Id.* at 14.

Officer Orton further testified that he considered himself fluent in conversational Japanese because he had previously studied the Japanese language and had lived in Japan for two years. Tr. 7/1/92, at 8.

At trial, Defendant's attorney objected to the officer's testimony regarding the conversation between Defendant and the Japanese men, on the ground that the statements overheard by the officer constituted inadmissible hearsay. The prosecutor maintained that the statements were admissible as present sense impressions, one of the recognized exceptions to the hearsay rule. The court overruled the objection and allowed the testimony but did not express a clear basis for its ruling.

Defendant testified that she was not conversant in Japanese and did not know what "Asobi masho ka?" meant. She admitted that she worked for an escort service but denied that she had ever offered sex for a fee. Tr. 7/1/92, at 33.

The district court thereafter found Defendant guilty of prostitution. This timely appeal followed.

## II. *DISCUSSION*

### A.

Defendant first contends that the district court erred by denying her the right to a jury trial. However, the Hawai'i Supreme Court recently decided in *State v. Lindsey*, 77 Hawai'i 162, 883 P.2d 83 (1994), that de-

fendants in prostitution cases are not entitled to a jury trial; thus, this argument is without merit.

### B.

Defendant next contends that the trial court's admission of Officer Orton's testimony regarding the statements made by Defendant and the Japanese males: (1) violated her constitutional right to confront the witnesses against her, as provided in article I, section 14 of the Hawai'i Constitution[4]; and (2) was improper because the prosecutor failed to establish the requisite foundation for the "present sense impression" exception to the hearsay rule. We find it unnecessary to address these arguments, for we are of the opinion that the statements in question were "verbal acts" or "operative facts" offered as evidence of Defendant's offer to engage in sexual conduct with another person in exchange for a fee—the basis of the offense charged. As such, the statements were not offered to prove the truth of the matter asserted, i.e., that Defendant would actually perform sex acts for money. Thus, the statements were not hearsay and lay outside the purview of the hearsay rule.

In *State v. Iwasaki*, 59 Haw. 401, 581 P.2d 1171 (1978) (per curiam), the Hawai'i Supreme Court examined the issue of whether undercover police officers' testimony as to the statements of two alleged prostitutes was admissible as evidence against the defendant, who was on trial for promoting or profiting from prostitution. The officers testified, over the objection of the defendant, that the prostitutes had asked the officers to remove their clothing in order to engage in sexual intercourse.

The supreme court observed that the statements were "made by participants during the course of events, and ... were part of the transaction constituting the alleged violation." *Id.* at 403, 581 P.2d at 1172. As such, the court held, the statements attributed to the prostitutes constituted "*verbal*

**4.** Article I, section 14 of the Hawai'i Constitution provides in relevant part:
In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial by an impartial jury of the district where-

in the crime shall have been committed, ... to be informed of the nature and cause of the accusation; to be confronted with the witnesses against the accused....

*acts* serving to illuminate or to explain the nature of the activity in which the women and the defendant were engaged" and thus were admissible under the rule of *res gestae*.[5] *Id.* (emphasis added).

Other jurisdictions have applied similar rules in prostitution cases. *See, e.g., State ex rel. Macomb County Prosecuting Attorney v. Mesk,* 123 Mich.App. 111, 333 N.W.2d 184 (1983) (holding that statements of alleged prostitutes to undercover police officers were not hearsay because they were offered as evidence of offers of prostitution rather than to prove the truth of the matter asserted, i.e., that the alleged prostitutes would in fact perform in accordance with the offer); *State v. Saitz,* 425 S.W.2d 96 (Mo.1968) (concluding that testimony of liquor control agents that two women approached them for drinks and prostitution was not subject to hearsay rule because statements were offered not for truth but as evidence that the activities occurred at a specific establishment); *State v. Malena,* 4 Conn.Cir.Ct. 594, 237 A.2d 572 (1967) (holding that, in prosecution for assignation on ground that defendants permitted persons to remain on their premises for purposes of lewdness and assignation, prostitutes' statements to police were not hearsay but were admissible as evidence of verbal acts offered to "establish what would amount to the activities described.").

In a recent California case, the court of appeals held that testimony of undercover police officers regarding statements of certain escorts proposing exchange of sex acts for a fee were not hearsay and were properly admitted as verbal acts. *People v. Dell,* 232 Cal.App.3d 248, 283 Cal.Rptr. 361 (1991). In so holding, the court likened the statements to formation of an oral agreement:

Words of solicitation for prostitution are essentially words of offer and acceptance in the formation of a contract for sex in exchange for money. When trying to prove the existence of an oral contract the words the offerer uttered in making the offer clearly are admissible as non-hearsay to prove an essential element of the contract.

*Id.* at 261, 283 Cal.Rptr. at 369.

The California court drew support from a similar Texas case which involved an action to declare a nightclub a public nuisance. *Morgan v. State,* 596 S.W.2d 220 (Tex.Civ. App.1980). In *Morgan,* the court held that the testimony of police officers regarding the statements of prostitutes did not constitute inadmissible hearsay because:

[t]he statements, themselves, possess legal significance in demonstrating that the promotion of prostitution was indeed taking place on the premises in question. They were not tendered to prove the fact that such acts would be performed. The admission of this testimony is akin to the admission of testimony as to a contractural [sic] offer, and such has been held not to constitute hearsay evidence.

*Id.* at 221–22.

This court has previously held that, in general, statements demonstrating formation of a contract are verbal acts possessing independent legal significance and thus fall outside the hearsay category. *Island Directory Co. v. Iva's Kinimaka Enters., Inc.,* 10 Haw. App. 15, 21–22, 859 P.2d 935, 939–40 (1993). The same principle applies to prostitution cases, where statements of solicitation by alleged prostitutes are offered as evidence against the defendant. Clearly, in the present case, Officer Orton's testimony was not being offered to prove the truth of the fact

**5.** The term *"res gestae"* has been traditionally applied in two situations. First, as in the present case, it is used to explain the admissibility of statements that do not constitute hearsay. Second, it is used to justify the admissibility of statements that fall under one of the following four exceptions to the hearsay rule: (1) present sense impressions, (2) excited utterances, (3) statements of present bodily condition, and (4) statements of present mental states and emotions. 2 C. McCormick, *McCormick on Evidence* § 268 (J. Strong ed., 4th ed. 1992).

However, "[c]ommentators and, with ever greater frequency, courts have criticized the use of the phrase *res gestae*" for its vagueness, imprecision, and limited application. *Id.* McCormick notes that although, historically, the phrase has served its purpose, "the law has now reached a stage where expanding admissibility will be best accomplished by other means." *Id.* Accordingly, we refrain from employing the term *"res gestae"* in our present discussion.

asserted: that the declarants actually intended to carry out the exchange of sexual activity for money. Rather, the statements were evidence of verbal acts demonstrating that Defendant made the requisite offer as defined in the prostitution statute. Thus, Officer Orton's testimony as to the statements made by Defendant and the Japanese males was not hearsay and was properly admitted into evidence.

### C.

Finally, Defendant argues that the evidence at trial was insufficient to support a conviction of prostitution.

On appeal, the test for a claim of insufficient evidence is:

whether, viewing the evidence in the light most favorable to the State, there is substantial evidence to support the conclusion of the trier of fact. It matters not if a conviction under the evidence as so considered might be deemed to be against the weight of the evidence so long as there is substantial evidence tending to support the requisite findings for the conviction. Substantial evidence ... is credible evidence which is of sufficient quality and probative value to enable a [person] of reasonable caution to reach a conclusion.

*State v. Silva,* 75 Haw. 419, 432, 864 P.2d 583, 589–90 (1993) (citations and quotation marks omitted).

According to the prostitution statute, "[a] person commits the offense of prostitution if the person engages in, or agrees *or offers to engage in, sexual conduct with another person for a fee.*" HRS § 712–1200(1) (Supp. 1992) (emphasis added). Defendant argues that the prosecution failed to prove beyond a reasonable doubt that the hundred dollars mentioned in Defendant's conversation with the Japanese men would be in exchange for sexual favors.

Officer Orton testified, however, that Defendant's statement, "Ashobi masho ka?" is a street vernacular equivalent to,

"Would you like to have sex?" He also testified that mention of the hundred dollars was first made by Defendant when she asked the Japanese men, "Hyaku doru Aru?" Whether the men responded to Defendant's offers and the substance of their responses are irrelevant under the prostitution statute. Defendant merely had to offer to engage in sex in exchange for a fee. Thus, based on Officer Orton's testimony and all other evidence adduced at trial, we conclude that there was sufficient evidence for the trial judge to find that Defendant offered to engage in sexual conduct in exchange for money. In doing so, we recognize that

[i]t was for the trial judge as factfinder in this case to assess the credibility of the witnesses, including the defendant's, [sic] and to resolve all questions of fact. The factfinder may accept or reject any witness' testimony in whole or in part.... Where the verdict of the trial court is supported by substantial evidence, its ruling will not be disturbed on appeal.

*State v. Cannon,* 56 Haw. 161, 166, 532 P.2d 391, 395–96 (1975) (citations omitted).

### III. *CONCLUSION*

Based on our review of the record, giving due deference to the district court's ability to assess the credibility of the witnesses and weigh the evidence adduced at trial, we conclude that there was substantial evidence to support Defendant's conviction of prostitution. In addition, the police officer's testimony concerning extrajudicial statements made by Defendant and the Japanese males was properly admitted as verbal acts or operative facts and thus fell outside the category of hearsay. Accordingly, we affirm Defendant's conviction.