847 So.2d 1165 (2003)
Michele Gerardo PRONESTI, Appellant,
v.
STATE of Florida, Appellee.
No. 5D01-3734.
District Court of Appeal of Florida, Fifth District.
June 27, 2003.
*1166 C. Michael Barnette, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Rebecca Roark Wall, Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, C.J.
Michele Gerardo Pronesti appeals his conviction for deriving support from the proceeds of prostitution, in violation of section 796.05(1), Florida Statutes. We affirm.
We write only to address Pronesti's contention that the trial court erred in allowing an undercover officer to testify about what a female employee of Pronesti's establishment told the officer. The undercover officer testified that he entered Pronesti's club, Hollywood Nights, and sat at a table. A female employee approached the officer, sat on his lap, and rubbed her buttocks on him. She told the officer that the fun did not have to stop there and that there was a private room available. As directed by the employee, the officer gave Pronesti $50 and followed her into the private room. In the private room, the employee told the officer that the $50 he gave Pronesti would pay for oral sex, but that a tip would be nice.
Pronesti argues that the employee's statements were inadmissible hearsay. We conclude that the state is correct in its contention that the employee's statements constituted "verbal acts" rather than inadmissible hearsay because the statements established the nature of the offer the employee made to the undercover officer.
A verbal act is an utterance of an operative fact that gives rise to legal consequences. Verbal acts, also known as statement of legal consequence, are not hearsay, because the statement is admitted merely to show that it was actually made, not to prove the truth of what was asserted in it. For utterances to be admissible as verbal acts, (1) the conduct to be characterized by the words must be independently material to the issue; (2) the conduct must be equivocal; (3) the words must aid in giving legal significance to the conduct; and (4) the words must accompany the conduct.
Banks v. State, 790 So.2d 1094, 1097-98 (Fla.2001). In Banks, the supreme court held that the defendant's statement, "I need a dime," was not offered for the truth of the matter asserted, but to show that the defendant was a participant in a drug transaction. Id. at 1098. On the other hand, a statement that the defendant was not a snitch was inadmissible hearsay because it did not serve to explain the nature of the act or transaction, but instead directly implicated the defendant in the transaction. Id.; compare Arguelles v. State, 842 So.2d 939 (Fla. 4th DCA 2003) (holding that statements about the initial set up of the drug deal, about the money at the second meeting, and the need to show the cocaine to the defendant before the transaction was completed were all part of the transaction and thus verbal acts, rather than inadmissible hearsay, but statements that defendant was the middle man and that the money belonged to him were offered for the truth of the matter asserted and constituted hearsay).
In this case, the statements by the employee served to explain the transaction that occurred between her and the undercover officer, and were therefore admissible. *1167 Compare Banks; Arguelles. See also, e.g., State v. Connally, 79 Hawai'i 123, 899 P.2d 406 (Haw.App.1995) (statement that defendant would perform sex acts for money was "verbal act," or "operative fact," demonstrating that defendant made the requisite offer proscribed by the prostitution statute); Charles W. Ehrhardt, Florida Evidence § 801.6 n. 4 (2001 ed.).
AFFIRMED.
PETERSON and PALMER, JJ., concur.