Affirmed and Memorandum Opinion filed June 22, 2004









Affirmed and Memorandum Opinion filed June 22, 2004.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-01105-CR

____________

 

JOSEPH
YO-SE HSU, Appellant

 

V.

 

THE STATE
OF TEXAS, Appellee

 

_________________________________________________

 

On Appeal from the County Criminal Court At Law No. 12

Harris County, Texas

Trial Court Cause No. 1174397

_________________________________________________

 

M E M O R A N D U M   O P I N I O N

Appellant Joseph Yo-Se Hsu
appeals his conviction for promotion of prostitution, arguing the trial court
erred by (1) overruling appellant=s hearsay
objection during the testimony of two police officers; (2) sustaining the State=s
objection when appellant attempted to impeach a witness with questions about a
written document; and (3) denying his motion for instructed verdict.  We affirm.








I.  Factual and Procedural Background

On March 6, 2003, Victor
Barberena and T.J. Chadwick, agents of the Texas Alcoholic Beverage Commission,
entered the V.I.P. Lounge in Houston in response to complaints that the lounge
was a venue for prostitution.  When the
undercover agents arrived, appellant, later identified as a manager at the
club, seated the agents, conversed briefly with Agent Chadwick, and sent AMelissa@ to the
table for an explanation of the establishment=s Arules.@  According to Agent Barberena=s testimony,
Melissa informed the agents that the charge for a lap dance was $40.  Agent Barberena stated that he and Agent
Chadwick inquired into the price for sex with a woman at the lounge.  According to his testimony, Melissa pointed
to three women in the establishment.  The
agents indicated an interest in one of the women, and Melissa informed them
that the particular woman was available.

Appellant returned to the table a
short time later to confirm that Melissa had explained the rules.  Barberena testified that he inquired about
the cost of sex, to which appellant replied, Athat was
up to the girls.@  Appellant then called over AJudy@ and told
her to take care of the agents.  Agent
Barberena initially offered Judy $50 for sex; he testified that she told him
they could discuss it later.  Agent
Barberena testified that he then offered Judy $150 and she accepted the offer;
however, Judy denied doing so.

Approximately two months later,
appellant was charged by information with promotion of prostitution.  See TEX.
PEN. CODE ANN. ' 43.03 (Vernon 2003).  A jury found appellant guilty, and the trial
court sentenced him to 180 days in the Harris County Jail.

II.  Issues Presented

Appellant
presents the following issues for appellate review:

(1)       Did the trial court err in overruling
appellant=s hearsay objection to the
testimony of the two officers about their conversations with two female employees
of the lounge?








(2)       Did the trial court err in sustaining the
State=s objection when appellant
attempted to impeach a witness with questions about a written document?

(3)       Did the trial court err in denying appellant=s motion
for instructed verdict?

III.  Analysis
and Discussion

A.        Did the trial court err in
sustaining the State=s objection when appellant attempted to impeach a
witness with questions about a written document?

In his second issue, appellant
contends he was denied his right to confront a witness when the trial court
sustained the State=s
objections during defense counsel=s
re-cross examination of Agent Barberena. 
Appellant claims the denial of this right occurred when defense counsel
attempted to impeach Agent Barberena with statements made in his written report
of the incident.  The State objected
twice on the grounds of improper impeachment, and the trial court sustained the
first objection and requested defense counsel rephrase the question.  The trial court again requested defense
counsel rephrase the question following the second objection and defense
counsel complied.[1]








The State
contends appellant failed to properly preserve his issue for appellate review
because appellant did not object on Confrontation Clause grounds at trial.  See Tex.
R. App. P. 33.1(a).  Failure to
object to error under the Confrontation Clause waives the issue for appellate
review.  See Wright v. State, 28
S.W.3d 526, 536 (Tex. Crim. App. 2000). 
In addition, to preserve for review the issue of whether appellant=s
cross-examination of a witness was unduly limited, appellant must show by bill
of exceptions or otherwise what questions he wished to raise and the responses
he expected.  Easterling v. State,
710 S.W.2d 569, 578 (Tex. Crim. App. 1986). 
In this case, appellant made no offer of proof or bill of exceptions
showing the testimony that he was attempting to elicit.  In fact, defense counsel rephrased his
question and continued with his examination, raising alleged inconsistencies
between Agent Barberena=s
testimony and the report.  Because
appellant did not show the testimony that he was attempting to elicit, he has
not preserved the issue for this court=s review.
 See id.  Accordingly, we overrule appellant=s second
issue.

B.        Did the trial court err in overruling
appellant=s hearsay objection to the
testimony of the two officers about their conversations with two female
employees of the lounge?

In his
first issue, appellant contends the trial court erred when it overruled his
hearsay objection to Agent Chadwick=s and
Agent Barberena=s
testimony regarding their conversations with Melissa and Judy.

Hearsay
is defined as Aa statement, other than one made
by the declarant while testifying at the trial or hearing, offered in evidence
to prove the truth of the matter asserted.@ Tex. R. Evid. 801(d).  The admissibility of hearsay evidence is a
question for the trial court, reviewable under an abuse-of-discretion
standard.  See Coffin v. State,
885 S.W.2d 140, 149 (Tex. Crim. App. 1994). 
 

Appellant
alleges the trial court erroneously admitted hearsay, over his objections,
during the following exchange with Agent Barberena:

Prosecutor: 

Q:  And at this time, Officer Barberena, you had
set up for a lap dance so there was no type of sex as of yet, right, Officer
Barberena?

A:  No B there was, yes.  Once Melissa approached the table and
explained to us what the rules of B the house rules were, my
partner and I discussed with her as far as if we wanted to have sex, who would
we talk to.  And at that point, at this
time, she pointed out the three of B

Defense Counsel:  Your Honor, Ashe pointed out,@ if he=s going to go into what
she said, that would be hearsay.

The Court:  Overruled.








A:  Okay. 
She then proceeded to point to three girls that were in the
establishment.  At that time we pointed
to one of the girls that we were interested in and she had said she was
available.

Defense Counsel:  Objection, Your Honor.  Hearsay.

The
Court:  Overruled.

***

Q:  So, then after you picked out one of the
girls you were interested in, then what happened, Officer Barberena?

A:  The defendant approached the table, and I
specifically asked him how much he would charge for sex.  He said B

Defense Counsel:  Objection, Your Honor.  Hearsay.

The Court:  Overruled.

A:  He said it would be $40 to go back for a lap
dance and that was up to the girls.

Q:  So, it was up to the girls according to the
defendant how much she would charge for sex?

A:  Yes.

***

Q:  Then what happened after that, after he
instructed that it would be up to the girl how much B

A:  I instructed him to call her over, and he
proceeded to call her.  She approached
the table; and as she approached the table, he instructed her to take care of
us and treat us well.

Q:  And then what happened?

A:  Then I began [a] conversation with the girl,
and I told her I was interested in going back there with her and I told her
what I was interested in, sex.  At this
time I paid the $40, went back to the back room.  I had offered her $50 for sex.  She said that we could discuss that later.

Defense Counsel:  Objection, Your Honor.  Hearsay.

The Court:  Overruled.

Defense Counsel:  Your Honor, may I have a running objection to
the hearsay that he=s going into, Ashe said@ so I don=t have to keep standing
up?








The
Court:  You may.

***

Appellant
also contends the trial court admitted hearsay during Agent Chadwick=s
testimony:

Q:  And what did Melissa B did you talk to Melissa
at all?

A:  Yes. 
When Melissa came over, he B Jeff and Melissa came
over to us.  He instructed Melissa to
tell us all the rules about the club and what B you know, he said tell us
all the rules about the club and if we had any questions, we could, you know,
talk to Melissa.  She knows it all.  So, we began to communicate with Melissa and
she asked us was this our first time and this type of stuff.

Defense Counsel:  Your Honor, I object to what Melissa said as
being hearsay; and I would like to continue the objection.

The
Court:  All right.  Overruled.

Although
appellant cites the above testimony, his analysis addresses only error with
regard to the officers=
statements about what Melissa and Judy purportedly said to them, not what
appellant himself allegedly told the officers. 
If appellant were claiming his own statements to the officers constitute
inadmissible hearsay, his claim would lack merit.  Under Texas Rule of Evidence 801(e)(2)(A), a
statement is not hearsay if the statement is offered against a party and is the
party=s own
statement.  See Tex. R. Evid. 801(e)(2)(A).  In this case, Agent Barberena was testifying to
appellant=s statement when Agent Barberena
inquired into the cost for sex and thus the statement is not hearsay.  See Cardenas v. State, 115 S.W.3d 54,
63 (Tex. App.CSan Antonio 2003, no
pet.).   








The
remaining statements involved communication between the agents and Melissa and
Judy.  In Morgan v. State, this
court held that statements made in a similar context were not hearsay because
the statements themselves possessed legal significance in demonstrating the
promotion of prostitution was taking place on a particular premises.  Morgan v. State, 596 S.W.2d 220, 221B22 (Tex. App.CHouston [14th Dist.] 1980, no
writ) (making statement in context of temporary injunction to abate public
nuisance of club used for promotion or aggravated promotion of
prostitution).  In Morgan, two
officers and a civilian testified they were repeatedly solicited to engage in
sexual activities inside the premises for an arranged fee.  Id. at 221.  The court found the statements were admitted
as Aoperative
facts@ and were
not used to prove the fact that the acts would be performed.  Id. at 221B22.  In doing so, the court likened this situation
to one of contract formation.  Id.
at 222.

In this
case, the statements by Melissa and Judy to Agents Barberena and Chadwick had
legal significance in demonstrating the promotion of prostitution at a club in
which appellant was a manager.  The
statements were not used to prove the fact that Judy was indeed available and
that the acts would be performed, for example. 
Thus, as in Morgan, the statements are not hearsay.  Therefore, the trial court did not abuse its
discretion by overruling appellant=s hearsay
objection.  Accordingly, we overrule
appellant=s first issue.

C.  Did the
trial court err in denying appellant=s motion
for instructed verdict?

In his
third issue, appellant contends the trial court erred when it denied his motion
for instructed verdict.  Specifically,
appellant argues that without the alleged hearsay evidence, the State offered
no proof appellant committed the charged offense.  However, even if this court determined the
evidence constituted hearsay, the Court of Criminal Appeals has recently stated
that an appellate court must consider all evidence actually admitted at trial
in a sufficiency review, even improperly admitted hearsay.  Moff v. State, 131 S.W.3d 485, 489B90 (Tex.
Crim. App. 2004).  

The
standard of review applicable to a motion for instructed verdict is the same as
that used in reviewing the legal sufficiency of the evidence.  Williams v. State, 937 S.W.2d 479, 482
(Tex. Crim. App. 1996).  The relevant
question under this standard is whether, after viewing the evidence in the
light most favorable to the verdict, any rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt.  Id.








A person
commits the offense of promotion of prostitution if, acting other than as a
prostitute receiving compensation for personally rendered prostitution
services, he or she knowingly solicits another to engage in sexual conduct with
another person for compensation.  See
Tex. Pen. Code Ann. '
43.03(a)(2) (Vernon 2003).  In this case,
Agent Barberena testified that he asked appellant how much appellant would
charge for sex with one of the women at the establishment.  According to the testimony, appellant
responded it would be $40 for a lap dance and Athat was
up to the girls.@  Agent Barberena testified he understood the
latter half of the statement to mean it was up to the women to determine how
much to charge for sex.  Appellant then
called over Judy and told her to take care of the agents.  After viewing the evidence in the light most
favorable to the verdict, we find a rational trier of fact could have found the
essential elements of the charged offense beyond a reasonable doubt.  Thus, the trial court did not err by denying
appellant=s motion for instructed
verdict.  Accordingly, we overrule
appellant=s third issue.

Having
overruled all of appellant=s issues,
we affirm the trial court=s
judgment.

 

/s/        Kem Thompson Frost

Justice

 

Judgment
rendered and Memorandum Opinion filed June 22, 2004.

Panel
consists of Chief Justice Hedges and Justices Frost and Guzman.

Do Not
Publish C Tex. R. App. P. 47.2(b).

 

 











[1]  Q:  Well, why in your report did you say you told
Melissa -- go to the  second page -- you
told Melissa that you wanted to have sex --

   A:  Objection. 
Improper impeachment, Your Honor.

   The
Court:  Sustained.  Rephrase it.

   Q:  Why did you tell Melissa that you wanted to
have sex?  In your report that=s the first person you told you wanted to have sex
with, Melissa?

   A:  Objection. 
Improper impeachment, Your Honor.

   The
Court:  Rephrase.