922 So.2d 1033 (2006)
Carl BURKEY, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-3588.
District Court of Appeal of Florida, Fourth District.
March 1, 2006.
Rehearing Denied April 6, 2006.
*1034 Robert G. Udell, Stuart, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Richard Valuntas, Assistant Attorney General, West Palm Beach, for appellee.
TAYLOR, J.
Carl Burkey was tried by jury and convicted of sale and delivery of cannabis and possession of twenty grams or less of cannabis. On appeal, he challenges several *1035 evidentiary rulings, but we find reversible error only in the trial court's exclusion of non-hearsay testimony that the defendant declined to sell drugs to the confidential informant.
Undercover narcotics detective Scott Young was led to the defendant's home by confidential informant (CI), Rhonda Hopkins. There, the CI introduced the men. According to Detective Young, he and the defendant went into the kitchen, where the defendant asked whether he wanted regular marijuana or a high potency strain. When the officer replied "reg," the defendant took a Maxwell House can out of the refrigerator and removed approximately an ounce of marijuana. The defendant then threw the marijuana to another man, Floyd Mercer, and told him to give the officer thirty dollars worth out of the ounce. Mercer went into another room and returned with a small bag containing five grams of marijuana. Mercer then handed the officer the marijuana, and the officer paid Mercer $25.
The defense called Billy Joe Flores, a friend of the defendant. Flores testified that he arrived at the defendant's home after the officer and the CI arrived. There were several friends visiting at the defendant's home that day. Flores testified that the defendant remained seated on the couch the entire time, and that the marijuana transaction took place in the kitchen between Mercer, the officer, and the CI.
John Jones, another friend of the defendant, also testified that the defendant was seated on the couch the entire time. According to Jones, the CI came over, sat down on the defendant's lap, and started flirting with him. She asked the defendant to sell her some marijuana. At this point, the state objected on hearsay grounds and the trial judge sustained the objection. Defense counsel requested a sidebar, but the judge told him to proceed, stating that he would consider the matter at the end of the examination. Jones then testified that the defendant never left his seat and that nobody left the room. Jones said he heard the CI ask Mercer for marijuana, but that he did not see whether Mercer gave her any.
After the jury was excused, the defendant proffered that when the CI sat on the defendant's lap and asked the defendant to sell her marijuana, the defendant refused, stating, "I don't do that kind of stuff." The CI then turned to Mercer and asked him for marijuana. After extensive discussion, the trial court ruled that Jones was allowed to testify that the CI asked the defendant for marijuana, but was not allowed to testify to the defendant's rejection of that request.
The jury found the defendant guilty on two counts, sale or delivery of cannabis and possession of cannabis, but not guilty on the third count, conspiracy to sell or deliver cannabis. The defendant was sentenced to three years in prison.
The standard of review of a trial court's decision on the admissibility of evidence is generally an abuse of discretion standard. However, the question of whether evidence falls within the statutory definition of hearsay is a matter of law, subject to de novo review. K.V. v. State, 832 So.2d 264, 265-66 (Fla. 4th DCA 2002).
"Hearsay" is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.
§ 90.801(1)(c), Fla. Stat. (2005). "The hearsay rule does not prevent a witness from testifying as to what he has heard; it is rather a restriction on the proof of fact through extrajudicial statements." Breedlove v. State, 413 So.2d 1, 6 (Fla.1982) *1036 (quoting Dutton v. Evans, 400 U.S. 74, 88, 91 S.Ct. 210, 27 L.Ed.2d 213 (1970)).
When a defendant seeks to introduce his own out-of-court statement for the truth of the matter asserted, it is inadmissible hearsay. See Cotton v. State, 763 So.2d 437, 439 (Fla. 4th DCA 2000):
However, if a defendant's out of court statement is not offered by the defendant to prove the truth of its content, it is not hearsay and should be admitted, provided the purpose for which the statement is being offered is relevant to a material issue in the case.
Id. Thus, the question is whether the defendant's statement in this case was offered for the truth of the matter asserted or for some permissible reason.
The record reveals that the defendant did not offer his statement to the CI that "I don't do that kind of stuff" to prove the matter asserted therein. Rather, the defense was trying to establish that the defendant rejected the CI's offer to buy drugs. His statement was relevant non-hearsay and should have been admitted. As the Florida Supreme Court explained in Banks v. State, 790 So.2d 1094, 1097-98 (Fla.2001):
One category of extrajudicial statements excluded from the hearsay rule is referred to as "verbal act" evidence. "Verbal act" evidence has been defined as:
A verbal act is an utterance of an operative fact that gives rise to legal consequences. Verbal acts, also known as statements of legal consequence, are not hearsay, because the statement is admitted merely to show that it was actually made, not to prove the truth of what was asserted in it.
Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence § 801.11[3] (Joseph McLaughlin, ed. Matthew Bender 2d ed.2000); see also Charles W. Ehrhardt, Florida Evidence § 801.6 (2000 ed.).
The rejection of an offer, especially an offer to perform an illegal act, has clear legal consequences and is thus admissible to show that the statement was made, irrespective of the truth of any incidental assertion. See Pronesti v. State, 847 So.2d 1165, 1166 (Fla. 5th DCA 2003) (holding that statements by defendant's employee to undercover police officer regarding sex for money were admissible as nonhearsay verbal acts); Kent v. State, 704 So.2d 121, 125 (Fla. 1st DCA 1997) (holding that the defendant's rejection of the detective's offer to buy drugs was relevant non-hearsay and admissible to prove his entrapment defense); see also A.J. v. State, 677 So.2d 935, 937 (Fla. 4th DCA 1996) (holding that medical bills are words of contract and admissible in a restitution hearing as non-hearsay verbal acts).
We conclude that exclusion of this evidence was not harmless error, because testimony indicating that the defendant rejected the CI's request to sell her drugs was highly relevant and crucial to his defense that he did not participate in the sales transaction and that Mercer acted alone. We thus cannot say beyond a reasonable doubt that exclusion of the defendant's statement did not contribute to the jury's verdict. See Goodwin v. State, 751 So.2d 537 (Fla.1999).
Reversed for new trial.
POLEN and SHAHOOD, JJ., concur.