STATE OF HAWAI`I, Plaintiff-Appellee,
v.
JEONG HYUN KIM, Defendant-Appellant
No. 28844
Intermediate Court of Appeals of Hawaii
November 24, 2008.
On the briefs:
William A. Harrison, for Defendant-Appellant.
Anne K. Clarkin, Deputy Prosecuting Attorney, City and County of Honolulu, for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER

NOT FOR PUBLICATION
RECKTENWALD, C.J., FOLEY and FUJISE, JJ.
Defendant-Appellant Jeong Hyun Kim (Kim) appeals from the Judgment filed on October 26, 2007 in the District Court of the First Circuit, Honolulu Division[1] (district court). The district court found Kim guilty of one count of Prostitution, in violation of Hawaii Revised Statutes (HRS) § 712-1200(1) (1993 & Supp. 2007).
On appeal, Kim argues that the State of Hawai`i (State) was required to prove as an essential element of the case that Kim was not married to or did not live with the undercover police officer and the State failed to do so.
Viewing the evidence presented at trial in the light most favorable to the State, it appears that in the course of an undercover investigation of a massage parlor, Honolulu Police Officer Yamashita met Kim and Kim offered Officer Yamashita "full service." Officer Yamashita testified that "[f]ull service is the street vernacular for the act of fellatio followed by the act of sexual intercourse." Following some negotiation, Officer Yamashita gave Kim $200.00. No evidence was presented that directly showed that Officer Yamashita was not married to Kim. The district court found Kim guilty of Prostitution.
Proof of prostitution requires an "offer to engage in sex in exchange for a fee." State v. Connally, 79 Hawai`i 123, 127, 899 P.2d 406, 410 (App. 1995). The elements of an offense are (1) the conduct, (2) the attendant circumstances, and (3) the results of conduct, which are specified in the definition of the offense and which negate a defense on the merits. HRS § 702-205 (1993) & Commentary on § 702-205. The conduct of Prostitution is engaging in, agreeing to engage in, or offering to engage in sexual conduct. The attendant circumstance is the condition of a fee. The result of the conduct is "sexual conduct." HRS § 712-1200. Sexual conduct means "'sexual penetration,' `deviate sexual intercourse,' or `sexual contact,' as those terms are defined in section 707-700." HRS § 712-1200(2) (1993). The use of the word "or" in the definition of "sexual conduct" in HRS § 712-1200(2) makes sexual penetration an alternative form of sexual conduct to sexual contact. See State v. Kalani, 108 Hawai`i 279, 284, 118 P.3d 1222, 1227 (2005).
Sexual penetration is defined as:
(1) Vaginal intercourse, anal intercourse, fellatio, deviate sexual intercourse, or any intrusion of any part of a person's body or of any object into the genital or anal opening of another person's body; it occurs upon any penetration, however slight, but emission is not required. As used in this definition, "genital opening" includes the anterior surface of the vulva or labia majora; or
(2) Cunnilingus or anilingus, whether or not actual penetration has occurred. For purposes of this chapter, each act of sexual penetration shall constitute a separate offense.
HRS § 707-700 (Supp. 2007). In contrast, "sexual contact" is defined as any touching, other than acts of "sexual penetration", of the sexual or other intimate parts of a person not married to the actor, or of the sexual or other intimate parts of the actor by the person, whether directly or through the clothing or other material intended to cover the sexual or other intimate parts.
HRS § 707-700 (emphasis added).
Viewing the definition of sexual contact with reference to the definition of sexual penetration, it is apparent that the requirement in the definition of sexual contact that the parties are not married is absent from the definition of sexual penetration. "Where a statute with reference to one subject contains a given provision, the omission of such provision from a similar statute concerning a related subject is significant to show that a different legislative intent existed." State v. Villeza, 85 Hawai`i 258, 273, 942 P.2d 522, 537 (1997) (internal quotation marks, citation, and brackets omitted); see also HRS § 1-16. Reading the definitions in pari materia, it appears that sexual contact requires that the parties are not married and sexual penetration does not occur.
Because neither HRS § 712-1200 nor the definition of sexual penetration in HRS § 707-700 requires proof that the parties are not married, a conviction for Prostitution based upon an offer to engage in sexual penetration for a fee does not require proof that the parties are not married. "[W]here the statutory language is plain and unambiguous, our sole duty is to give effect to its plain and obvious meaning." State v. Heggland, 118 Hawai`i 425, 434, 193 P.3d 341, 350 (2008) (quoting Peterson v. Hawaii Elec. Light Co., Inc., 85 Hawai`i 322, 327, 944 P.2d 1265, 1270 (1997), superseded on other grounds by HRS § 269-15.5 (Supp. 1999)).
In the instant case, the evidence established an offer by Kim to engage in fellatio and sexual intercourse for a fee. Although there was evidence of collateral sexual contact between Officer Yamashita and Kim, Officer Yamashita testified that Kim also offered to do "full service" for money. According to Officer Yamashita, "[f]ull service is the street vernacular for the act of fellatio followed by the act of sexual intercourse." Fellatio and sexual intercourse fall within the definition of sexual penetration and not sexual contact. Because there was sufficient evidence to establish that Kim offered to engage in sexual penetration for a fee, proof that Kim and Officer Yamashita were not married was not required.
Therefore,
IT IS HEREBY ORDERED that the Judgment filed on October 26, 2007 in the District Court of the First Circuit, Honolulu Division, is affirmed.
NOTES
[1] The Honorable Lono J. Lee presided.